ELIPHALET TRASK *vs.* HARTFORD AND NEW HAVEN RAILROAD COMPANY.

Under the *St.* of 1840, *c.* 85, a railroad corporation is liable for injuries by fire communicated from one of its locomotive engines to machinery, tools, patterns and lumber in a building near its road, or to a fence by the side of its track.

ACTION OF TORT on *St.* 1840, *c.* 85, to recover the value of a building and the machinery, tools, patterns and lumber therein, and also of a board fence, all belonging to the plaintiff, and alleged in the declaration to have been destroyed by fire from a locomotive engine of the defendants. Trial in the superior court before *Wilkinson,* J., who signed this bill of exceptions:

" The plaintiff offered evidence tending to show that the building, which was situated near the defendants' railroad, was consumed by fire communicated from one of the locomotive engines of the defendants, and there was in it at the time a quantity of machinery, tools, patterns and lumber, which was

also consumed; and that his fence, situated on the opposite side of the railroad, and surrounding a distinct parcel of land, not connected with the building, was also consumed.

"The defendants contended that the tools, patterns and lumber in the shop, not being connected with it permanently, but being removable, subject to change at any time, were not insurable by them; also that the fence was not insurable; and that the *St.* of 1840, *c.* 85, only made them liable to pay for such property as was insurable by them.

"The court overruled this objection, and decided that if the plaintiff proved that the property was burned in the manner stated in the declaration, the plaintiff was entitled to recover. The jury found a verdict for the plaintiff, and the defendants except to the foregoing decision."

*F. Chamberlin,* for the defendants, cited *St.* 1840, *c.* 85, § 1, *Chapman* v. *Atlantic & St. Lawrence Railroad,* 37 Maine, 92; *Pratt* v. *Atlantic & St. Lawrence Railroad,* 42 Maine, 579; *Hart* v. *Western Railroad,* 13 Met. 104; Redfield on Railways, 360.

*H. Morris,* for the plaintiff.

HOAR, J. The objection taken by the defendants was, that the tools, patterns and lumber in the shop, and the fence, were not insurable by them; and that the *St.* of 1840, *c.* 85, only made them liable to pay for such property as was insurable by them. The judge who presided at the trial overruled the objection, and, as we think, very properly. It assumes that the property specified was not insurable by the defendants. But we can see no pretext for such an assumption. The stock and tools in a mechanic's shop are not only in their own nature insurable, but among the most common subjects of the contract of insurance. A fence is not so commonly insured, probably because its value and risk do not make insurance desirable; but it certainly can be insured, and is insurable.

Whether a just construction of the *St.* of 1840 would require any limitation of the extremely comprehensive language used to define the liability of railroad corporations created by it, this case gives us no occasion to consider. We certainly do

not intend to intimate, by putting our decision upon the ground above stated, that the property must be insurable, in the ordinary or commercial sense of that word, to make the corporation liable. *Exceptions overruled.*